**Jose GALLIMORT, Petitioner— Appellant,**

v.

**E.K. MCDANIEL, Respondent— Appellee.**

No. 04–16903.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Jose Gallimort, High Desert State Prison, Indian Springs, NV, pro se.

Robert E. Wieland, Esq., Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, Brandee M. Monneyhan, Office of Attorney General, Carson City, NV, for Respondent–Appellee.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Jose Gallimort appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging his 1998 bench trial conviction for kidnaping with use of a deadly weapon and battery with use of a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Gallimort contends that the district court should have offered him the opportu-

nity to stay his mixed habeas petition so that he could return to state court to exhaust his unexhausted claims. We review for abuse of discretion the district court's decision to grant or deny a "stay and abeyance" of a habeas petition. *See Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005).

No abuse of discretion occurred here. After determining that Gallimort's habeas petition was mixed, the district court gave him the opportunity to exercise his options under *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and offered Gallimort an administrative closure procedure that was the equivalent of a stay and abeyance. Gallimort rejected that procedure and knowingly and voluntarily elected to abandon the unexhausted claims in order to proceed with the exhausted claims.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.